**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JEFFREY CHEEK,**

    **Plaintiff,**

    v.                                              **Case No.  06-2210-JWL**

**CITY OF EDWARDSVILLE,
KANSAS, et al.,**

    **Defendants.**

_____

**MEMORANDUM AND ORDER**

Plaintiff Jeffrey Cheek was formerly employed by the police department of the defendant City of Edwardsville, Kansas. This lawsuit arises from the defendants' actions in terminating his employment. Mr. Cheek asserts two claims against the City of Edwardsville and various city officials: Count I asserts a claim pursuant to 42 U.S.C. § 1983 for retaliation for exercising his First Amendment rights and Count II asserts a claim for breach of his employment contract. This matter is currently before the court on the defendants' Motion to Dismiss Count I of Plaintiff's Complaint for Failure to State a Claim (doc. #8), which the court construes as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because defendants filed the motion after filing their answer to plaintiff's complaint. For the reasons explained below, this motion is denied.

A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard that applies to a Rule 12(b)(6) motion. *Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1241 (10th Cir. 2005). Thus, judgment on the pleadings is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Beedle*, 422 F.3d at 1063. The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d at 1063.

According to the allegations in Mr. Cheek's complaint,[1] he was formerly a Major in the Police Department of the City of Edwardsville. In early 2006, he became aware that various city officials had successfully prevented criminal charges from being instituted against certain of their friends and associates. He encouraged and assisted other police officers in gathering information about this improper suppression of criminal charges by

---

[1] Consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, correspondingly, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court accepts as true all well pleaded factual allegations in plaintiff's complaint (doc. #1).

2

various city officials. He also communicated with the Kansas Attorney General's office regarding the improper and illegal conduct of these city officials. Those communications by Mr. Cheek to the Kansas Attorney General's office provided significant impetus for and assistance to the Attorney General's office's investigation of misfeasance and malfeasance by various officials of the City of Edwardsville.

The defendants in this lawsuit include the City of Edwardsville; John Broman, Jennifer Burnett, and Tim Kelly, the Councilpersons who voted to terminate his employment contract; and City Administrator Douglas Spangler. Mr. Cheek alleges that defendants retaliated against him for his speech by first suspending him, then suspending him without pay and cutting off his fringe benefits, then, finally, by terminating his employment. Based on these allegations, in Count I of plaintiff's complaint he asserts a claim pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional free speech rights by retaliating against him for engaging in speech protected by the First Amendment.

Defendants now ask the court to dismiss this claim based on the Supreme Court's decision in *Garcetti v. Ceballos*, 126 S. Ct. 1951 (2006), because Mr. Cheek's speech relating to the investigation into the misconduct of city officials was made as part of his duties as a Major with the Police Department of the City of Edwardsville. Defendants contend that Mr. Cheek had a duty under Kansas law to report any official misconduct by city officials because he would have been guilty of the felony of concealing evidence of a crime under K.S.A. § 21-3902(a)(5) if he had not reported the corruption; and, consequently,

3

the fact that Mr. Cheek did so is not protected speech under the First Amendment. The court finds defendants' arguments to be without merit.

In evaluating whether a public employee's speech is entitled to protection under the First Amendment, the first prong of the court's analysis is to determine "whether the employee spoke *as a citizen* on a matter of public concern." *Garcetti*, 126 S. Ct. at 1958 (emphasis added). An employee does not speak "as a citizen" for First Amendment purposes if the employee made the speech pursuant to his or her official duties. *Id.* at 1960. The Court's decision in *Garcetti*, however, was based on a summary judgment record in which it was undisputed that the employee's speech was "made pursuant to his duties as a calendar deputy." *Id.* at 1959-60. In fact, the Court specifically noted this important caveat on its ruling. *Id.* at 1961 (noting as one of the "final points worth mentioning" that "the parties in this case do not dispute that Ceballos wrote his disposition memo pursuant to his employment duties"). By contrast, at this procedural juncture the extent to which Mr. Cheek's assertedly protected speech was made during the course of his official duties as a Major in the Edwardsville Police Department is unknown. Defendants contend that "it strains credulity" for Mr. Cheek to argue that as a police office with the City of Edwardsville it was not his duty to detect, investigate, and report crime occurring in the City of Edwardsville. But, of course, the standard on a motion to dismiss is whether it appears beyond a doubt that plaintiff can prove no set of facts which would entitle him to relief. Plaintiff's complaint does not set

forth the scope of his duties as a Major in the Edwardsville Police Department.[2]  Certainly, it could be inferred that as a Major his job responsibilities encompassed managerial and administrative matters rather than more routine law enforcement activities such as detecting, investigating, and reporting crime.  And, even to the extent that his job responsibilities may have included more routine law enforcement activities, the nature of his involvement in this particular investigation and the report to the Attorney General's office (as opposed to city or county prosecutors) may have been outside the scope of his job responsibilities.  At this procedural juncture the court must confine its analysis to the fact that the scope of his employment duties is unclear because it is not set forth in his complaint.  As such, the court cannot find that it appears beyond a doubt that the plaintiff can prove no set of facts under which his speech would be entitled to First Amendment protection.

The court finds equally unpersuasive defendants' argument that Mr. Cheek's speech was not protected because he was acting pursuant to a legal duty imposed on him under Kansas law.  To this end, defendants focus on the Supreme Court's holding that speech is not protected for First Amendment purposes "when public employees make statements pursuant to their *official duties*."  *Garcetti*, 126 S. Ct. at 1960 (emphasis added).  Clearly, however, the Supreme Court in *Garcetti* was concerned with speech that occurs in the course of an employee's official *employment* duties, not within the scope of other legal obligations or duties such as those suggested by defendants.  The Court noted, for example, that the

---

[2] Defendants do not argue that plaintiff was required to specifically allege that his speech was made outside of the scope of his official employment duties.

5

controlling factor in *Garcetti* was that the plaintiff's "expressions were made pursuant to his duties as a calendar deputy"; that he was fulfilling his responsibility to advise his supervisor; that he wrote his memo "because that is part of what he, as a calendar deputy, was employed to do"; and that "[r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen." *Id.* at 1959-60. Accordingly, the court finds defendants' argument based on asserted legal obligations, rather than Mr. Cheek's actual employment duties, to be without merit.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss Count I of Plaintiff's Complaint for Failure to State a Claim (doc. #8) is denied.

**IT IS SO ORDERED** this 29th day of September, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
